IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   1:21-cv-00778

CRYSTAL R. CONNELL,

    Plaintiff,

v.

THUNDERBIRD COLLECTION SPECIALISTS, INC.,

    Defendants.

## COMPLAINT

NOW comes CRYSTAL R. CONNELL ("Plaintiff"), by and through the undersigned, complaining as to the conduct of THUNDERBIRD COLLECTION SPECIALISTS, INC. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, against Defendant for its unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business within the District of Colorado and a substantial portion of the events or omissions giving rise to the claims occurred within the District of Colorado.

## PARTIES

4. Plaintiff is a consumer over-the-age of 18 residing in Denver, Colorado, which lies within the District of Colorado.

5. Defendant is a third party debt collector who claims to specialize in the collection of healthcare accounts. Defendant is a corporation organized under the laws of the state of Arizona with its principal place of business located at 3200 North Hayden Road, Suite 110, Scottsdale, Arizona.

6. Defendant acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant action stems from Defendant's attempts to collect upon a debt ("subject debt") Plaintiff is alleged to owe to Holbrook E.M.S., Inc. ("Holbrook") in connection with ambulatory services Plaintiff received.

8. In approximately April 2020, Plaintiff was involved in a car accident which necessitated ambulatory services, resulting in the creation of the subject debt.

9. After incurring the subject debt, Claimant attempted to address the bill with Holbrook, as she believed the debt should have been covered by insurance; however, upon information and belief, Plaintiff was stymied in her efforts due to staffing restrictions implemented following the outbreak of the COVID-19 pandemic.

10. Upon information and belief, after Plaintiff's purported default on the subject debt, Holbrook charged off the subject debt and turned the same over to Defendant for collection purposes.

11. On or about January 25, 2021, Defendant sent or caused to be sent to Plaintiff a collection letter ("January 25th Letter") attempting to collect upon the subject debt.

12. The January 25th Letter was the first letter Plaintiff received from Defendant in connection with the subject debt.

13. As such, the January 25th Letter advised Plaintiff of her rights to dispute the subject debt and seek validation of the same from Defendant within 30 days of her receipt of the collection letter.

14. The January 25th Letter states, "You now have the opportunity to pay this account in full or we will report the debt to one or more of the three national credit bureaus after the 30th day from the date of this letter."

15. As such, Defendant's January 25th Letter suggests that the subject debt has not been, but would be, reported to the national credit bureaus after February 24, 2021.

16. Thereafter, on or about February 18, 2021, Defendant sent or caused to be sent to Plaintiff two collection letters ("February 18th Letters") attempting to collect upon the subject debt.

17. One of the February 18th Letters states:

> YOUR CREDIT RECORD IS GOVERNED BY YOUR ACTUAL PAYING HABITS.
>
> WE WANT TO TREAT YOU FAIRLY BUT, IF YOU IGNORE THIS NOTICE AS YOU DID OUR LAST, THIS ACCOUNT WILL CONTINUE TO REPORT TO THE CREDIT BUREAUS AS UNPAID AND COULD CONTINUE TO AFFECT YOUR CREDIT STANDING AND RATING.
>
> IT IS IN YOUR BEST INTEREST TO CONTACT US IMMEDIATELY BY TELEPHONE OR MAIL.

18. The other February 18th Letter states:

> PAST DUE BALANCES ARE REPORTED TO THE CREDIT BUREAUS.

> IF PAYMENT IN FULL IS RECEIVED IN OUR OFFICE WITHIN TEN (10) DAYS FROM THE DATE OF THIS NOTICE, IT WILL BE REMOVED FROM THIS REPORT.
>
> IF GOOD CREDIT IS IMPORTANT TO YOU, BRING IN OR SEND THE AMOUNT IN FULL TODAY.
>
> SEND THIS NOTICE ALONG WITH YOUR PAYMENT TO INSURE PROMPT DELETION OF ALL THUNDERBIRD COLLECTION ACCOUNTS.

19. Plaintiff subsequently became confused and distressed given the inherently contradictory representations made by Defendant regarding its reporting of the subject debt.

20. Whereas the January 25th Letter suggests that the subject debt would not be reported until after February 24, 2021, Defendant's February 18th Letters both suggest that the subject debt was already being reported at the time those letters were sent.

21. As such, Defendant deceptively represented whether, when, and how it was reporting the subject debt to the credit bureaus in both the January 25th Letter, as well as the February 18th Letters.

22. In fact, as of the drafting of this Complaint, upon information and belief, Defendant has not reported the subject debt to any credit reporting agencies.

23. As such, upon information and belief, Defendant made its threats and representations regarding credit reporting of the subject debt not in a legitimate warning of actions it intended to take, but instead in an effort to create a false sense of urgency in Plaintiff to address the subject debt, lest she be subjected to the negative consequences of Defendant's purported (and contradictory) reporting of the subject debt.

24. Plaintiff became confused and distressed as a result of Defendant's contradictory representations, and further suffered harm in the form of lost time dealing with Defendant's

conduct and the distress she suffered, as well as a risk of harm to her interests protected by the FDCPA as she was deprived the ability to intelligently respond to Defendant's collection efforts given its deceptive and misleading representations made regarding its reporting of the subject debt.

25. Defendant engaged in such deceptive and misleading representations in order to scare Plaintiff into addressing the subject debt, lest she suffer the consequences of Defendant's illusory reporting of the subject debt.

26. Defendant's February 18th Letters, sent within Plaintiff's 30-day validation period, similarly overshadow Plaintiff's dispute and validation rights.

27. Defendant's demands for Plaintiff to contact it "immediately" and pay the debt "in full today," in conjunction with its deceptive representations regarding Defendant's reporting of the subject debt, overshadows and is inconsistent with Plaintiff's right to dispute the debt and demand validation of the same within the statutorily prescribed 30-day period.

28. Defendant's demands for immediate action, in conjunction with the added pressure created by its false representations regarding credit reporting of the subject debt, thus risked Plaintiff acting in favor of Defendant's demand for immediate action, in derogation of the rights available to her under the FDCPA.

29. Defendant's overshadowing put Plaintiff at a material risk of harm, as Defendant's conduct risked Plaintiff foregoing rights she would have otherwise wanted to exercise given the nature of the subject debt.

30. In addition to the collection letters, on or about February 18, 2021, Plaintiff began receiving phone calls from Defendant to her cellular phone, (720) XXX-4426, regarding the subject debt.

31. Defendant has primarily used the phone number (480) 455-4520 when placing calls to Plaintiff's cellular phone, but upon belief, it has used other numbers as well.

32. Upon speaking with Defendant, Plaintiff was informed that Defendant was calling in an attempt to collect upon the subject debt.

33. Plaintiff informed Defendant of the circumstances giving rise to the subject debt, including her efforts to get it paid, while simultaneously informing Defendant that she disputed the subject debt.

34. Rather than listen to Plaintiff, Defendant instead began berating and belittling Plaintiff for owing a debt, in an effort to convince Plaintiff to set aside her dispute and instead pay the subject debt in full.

35. Feeling harassed by Defendant's conduct, Plaintiff demanded that Defendant cease calling her cellular phone.

36. Despite Plaintiff's demands, Defendant has continued placing repeated and consistent phone calls to Plaintiff's cellular phone up until the filing of the instant action.

37. Plaintiff has suffered emotional distress and anguish as a result of Defendant's harassing collection campaign.

38. As a result of Plaintiff's emotional distress, frustration, agitation, concern, and confusion surrounding Defendants' collection efforts, Plaintiff expended significant time addressing Defendant's conduct, including consulting with attorneys.

39. Plaintiff has been unfairly and unnecessarily harassed, misled, and treated unfairly as a result of Defendant's actions.

40. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, emotional distress, aggravation, mental anguish, lost time stemming from being subjected to confusing collection efforts, being deceived in a manner which materially impacted his ability to chart an intelligent course of conduct in response to Defendant's collection efforts,

being lied to in violation of an anti-trickery statute, a material risk of harm to Plaintiff's concrete interests protected by the FDCPA, as well as a violation of her state and federally protected interest to be free from harassing, deceptive, and unfair collection conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

41. Plaintiff repeats and realleges paragraphs 1 through 40 as though fully set forth herein.

42. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

43. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts. Defendant is further a business whose principal purpose is the collection of debts.

44. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be due to another for personal, family, or household purposes.

**a. Violations of FDCPA § §1692d**

45. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(2) prohibits "[t]he use of obscene language or language the natural consequence of which is to abuse the hearer or reader..." and §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

46. Defendant violated §§ 1692d and d(5) when it repeatedly and continuously called Plaintiff after being notified to stop. Plaintiff demanded Respondent cease its harassing conduct, yet Respondent consciously chose to continue engaging in the conduct despite being put on notice of the harassment it was causing Plaintiff. Such conduct demonstrates Defendant's intent to harass Plaintiff through its placing of repeated and continuous telephone calls.

47. Defendant further violated §§ 1692d and d(2) when it berated and belittled Plaintiff during one of its phone calls with Plaintiff. Defendant engaged in such conduct in an abusive effort to harass Plaintiff into paying the subject debt.

    **b. Violations of FDCPA § 1692e**

48. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

49. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. §1692e(2)(A);

> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5);

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

50. Defendant violated §§ 1692e, e(2), e(5), and e(10) when it deceptively represented, in the January 25th Letter, that it would report the subject debt to the credit reporting agencies after February 24, 2021. Such representation was undercut by Defendant's February 18th Letters, which suggested the subject debt had already been reported to the credit bureaus. Furthermore, upon information and belief, Defendant has not yet reported the subject debt. As such, Defendant's entire course of conduct demonstrates that Defendant made its representations regarding reporting of the subject debt in the January 25th Letter not in a legitimate warning of action it intended to take, but instead as a false representation designed to unduly influence Plaintiff to address the subject debt promptly.

51. Defendant further violated §§ 1692e, e(2), and e(10) through the February 18th Letters' suggestions that the subject debt was already being reported to the credit bureaus. Such

representations are at direct odds with the language of the January 25th Letter, and further falsely suggests that the subject debt was being reported, when in fact it was not. Defendant once again made these deceptive and misleading representations in an effort to deceive Plaintiff into paying the subject debt in order to avoid the continued negative effects of Defendant's purported reporting of the subject debt.

52. Additionally, Defendant violated §§ 1692e and e(10) when it deceptively obfuscated and overshadowed Plaintiff's dispute and validation rights. Defendant engaged in conduct which was inconsistent with Plaintiff's rights to dispute the debt and seek validation of the same, underscoring the deceptive and misleading nature of its conduct.

    c.  **Violations of FDCPA § 1692f**

53. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

54. Defendant violated § 1692f when it unfairly belittled and berated Plaintiff in connection with its efforts to collect a debt from Plaintiff.

55. Defendant violated § 1692f when it unfairly harassed Plaintiff through the placement of repeated and consistent telephone calls.

56. Defendant further violated § 1692f when it unfairly misrepresented the timeline and nature of the way in which it was purportedly reporting the subject debt to the various credit bureaus.

    d.  **Violations of FDCPA § 1692g**

57. The FDCPA, pursuant to, pursuant to 15 U.S.C. § 1692g(b), states that any "communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

9

58. Defendant violated § 1692g(b) through the nature of the February 18th Letters and the extent to which they were designed to compel Plaintiff's immediate payment and action in connection with the subject debt. The structure of Defendant's February 18th Letters and corresponding demands for immediate payment and an immediate phone call instilled a sense of immediacy in Plaintiff, and instills a sense of immediacy in the least sophisticated consumers, which has the impact of forcing Plaintiff and consumers to forego their rights to seek validation of a debt and instead make payment to Defendant or otherwise forego the rights available to them under the FDCPA. Such language is in direct contravention of the dictates of § 1692g(b) and demonstrates the extent to which Defendant's collection letters impermissibly overshadows and is inconsistent with the dispute and validation rights afforded Plaintiff under the FDCPA.

WHEREFORE, Plaintiff, CRYSTAL R. CONNELL, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: March 16, 2021                                              Respectfully submitted,

s/ Nathan C. Volheim                                               s/Eric D. Coleman
*Nathan C. Volheim*                                                *Eric D. Coleman*

| | |
|---|---|
| Sulaiman Law Group, Ltd. | Sulaiman Law Group, Ltd. |
| 2500 South Highland Ave., Suite 200 | 2500 South Highland Ave., Suite 200 |
| Lombard, Illinois 60148 | Lombard, Illinois 60148 |
| (630) 568-3056 (phone) | (630) 575-8181 x. 105 (phone) |
| nvolheim@sulaimanlaw.com | ecoleman@sulaimanlaw.com |
| Attorney for Plaintiffs | Attorney for Plaintiffs |